IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH DYER<br>      *Plaintiff*,<br><br>v.<br><br>STEWARD CARNEY HOSPITAL, INC.; STEWARD MEDICAL GROUP, INC.; MICHAEL REILY, M.D.; ZACHARY CROSSEN; and THUAN LAI;<br>      *Defendants*. | No. 17-cv-11452- DJC |

**PARTIES' JOINT PRETRIAL MEMORANDUM PURSUANT TO LOCAL RULE 16.5(d)**

The parties hereby respond to the Court's October 6 and October 14, 2021 orders to provide a pre-trial memorandum pursuant to Local Rule 16.5(d). [D.E. 241, 243]

(1)    Summary of the evidence

**Plaintiff intends to present the following evidence**:[1]

Plaintiff Joseph Dyer was arrested on May 13, 2015 and taken, by Boston Police Officers Crossen and Lai to Steward Carney Hospital (SCH). There, Defendants Crossen and Lai forcibly removed his clothing, hand-cuffed him face-down to a gurney, slapped his buttocks, and made derogatory and offensive

---

[1] All of the information provided here is provided without prejudice to future alterations to Plaintiff's intended evidentiary presentation.

1

remarks. Without a warrant, Defendant Crossen digitally penetrated Mr. Dyer's anus and rectum, while Mr. Dyer screamed for help. Defendants Crossen and Lai then falsely informed Defendant Dr. Reily that Mr. Dyer likely had drugs or foreign bodies secreted in his rectum, so as to induce Dr. Reily to conduct a body cavity search. Dr. Reily conducted a battery of tests and procedures, without Mr. Dyer's consent, in order to determine whether Mr. Dyer had ingested drugs. He had not. Dr. Reily, employed by the Steward Medical Group (SMG) and acting as an agent of SCH, chemically restrained Mr. Dyer with three sedative injections, conducted a rectal examination including digital penetration of Mr. Dyer's anus and rectum, and ordered an X-ray of his pelvis, all without Mr. Dyer's consent. The procedures conducted against Mr. Dyer's will were inflicted in violation of state and federal law and the United States Constitution.

**Defendants Crossen and Lai intend to present the following evidence**:

Officers Crossen and Lai expect the evidence to prove that Plaintiff was arrested on May 13, 2015 for dealing illegal narcotics, a crime for which he was later convicted. See FRE 609. At the scene of his arrest, Plaintiff complained of chest pains. As a result, Plaintiff was transported without incident to the Carney Hospital. Officers Crossen and Lai were assigned to accompany Plaintiff to Carney Hospital. After Plaintiff was evaluated at the Carney hospital, Plaintiff was transported without incident to the police station for processing. The allegations made by Plaintiff never occurred.

**Defendants Dr. Reily, Steward Carney Hospital (SCH) and Steward Medical Group, Inc. (SMG) intend to present the following evidence:**

Defendants, Dr. Reily, Steward Carney Hospital, and Steward Medical Group, Inc, expect the evidence to show that on May 13, 2015, the Plaintiff arrived at Carney Hospital Emergency Department in Boston Police Department custody. The patient complained of suffering a seizure after Boston Police Department handcuffed him and complained of chest pain. The police officers reported that the patient began shaking but no loss of consciousness or incontinence was noted. The patient was uncooperative and informed staff that he wanted to go to Boston Medical Center. The patient had superficial abrasions over the dorsal right wrist and left hand. The medical records indicate the patient had a history of packing and ingestion of drugs, into his rectum and there was a concern for this during his arrest. On the patient's prior admission to Carney Hospital he had been treated for the ingestion of cocaine while in police custody. During examination Dr. Reily asked the patient about this but Mr. Dyer refused to answer any questions. The patient's history included thrombophlebitis, pulmonary embolism, bowel surgery, gunshot wounds, and an extensive history of alcohol and recreational drug use.

Additionally, Defendants Dr. Reily, Steward Carney Hospital, and Steward Medical Group, Inc. expect the evidence to show that the patient was extremely aggressive and threatening while in the emergency department. Due to a concern he may injure himself or others, Mr. Dyer required chemical sedation with Ativan and Haldol. During his assessment, Dr. Reily requested a rectal examination, given the

3

patient's medical history and presentation. The patient declined and a rectal examination was not performed. Dr. Reily was unable to perform a rectal examination, but on external visual inspection did not see any obvious protruding objects. Chest and pelvic x-rays were completed. The indication for the chest x-ray was for his chest pain and the indication for the pelvic x-ray was for rectal pain. Further, the Defendants expect the evidence to show the serious danger of intracavitary packing and/or ingestion of drugs and/or paraphernalia and the emergent medical need to determine this. Once it was determined that the patient was medically cleared without any need for emergent treatment, the patient was discharged to the custody of the Boston Police Department.

Furthermore, Defendants Dr. Reily, Steward Carney Hospital, and Steward Medical Group, Inc. expect the evidence to show that at all times Dr. Reily, and the staff at Carney Hospital, complied with the requisite standard of care in the treatment rendered. All medication, examinations, and tests administered to the Plaintiff were appropriate given his presentation, complaints, and medical history. Steward Carney Hospital and Steward Medical Group, Inc., did not breach a duty of care of the Plaintiff or act negligently. Dr. Reily, staff at Carney Hospital, Steward Carney Hospital, and Steward Medical Group, Inc. at no time violated the Plaintiff's constitutional rights, including but not limited to, excessive force, unreasonable search, and due process. Dr. Reily, staff at Carney Hospital, Steward Carney Hospital, and Steward Medical Group, Inc. at no time participated in a civil conspiracy against the Plaintiff, breached a duty, or caused intentional infliction of

emotional distress or negligent infliction of emotional distress of the Plaintiff. Finally, Dr. Reily, staff at Carney Hospital, Steward Carney Hospital, and Steward Medical Group, Inc. at no time assaulted, battered, indecently assaulted or battered, raped, or administrated drugs to enable rape of the Plaintiff.

(2)  Uncontested issues of fact established by pleadings or by stipulation or admission

The following facts are agreed-to by the parties:

- Mr. Dyer was arrested by the Boston Police Department on May 13, 2015 for participation in a drug transaction;

(3)  Contested issues of fact

All other facts are contested.

(4)  Jurisdictional issues

The Court has jurisdiction over the federal claims and supplemental jurisdiction over the state law claims.

(5)  Questions raised by pending motions

There are no motions pending at this time. The parties expect to file several motions *in limine* raising evidentiary issues. A timeline for motions *in limine* is proposed below.

(6)  Issues of law, including evidentiary questions, together with supporting authority

**Plaintiff** intends to file motions *in limine* to exclude Mr. Dyer's criminal history, including any mention of "pimping," his history of complaints about other incidents, and questioning on topic(s) that are offensive or triggering to Mr. Dyer but not relevant to this case, such as homosexuality. He intends to file a motion *in*

*limine* to admit video footage of Defendant Crossen harassing and disrespecting a Black male citizen of Boston and civilian complaints against Crossen.

**Defendants Crossen and Lai** intend to file motions *in limine* concerning the scope of evidence at trial, including Plaintiff's use of a video of Officer Crossen.

**Defendants Dr. Reily, Steward Carney Hospital, and Steward Medical Group, Inc.** intend to file motions *in limine* precluding testimony of: medical opinions not provided by a medical expert, including on the issue of negligence, causation, and damages. Motions in limine will be filed to preclude hearsay statements; evidence of: prior claims against the defendants, insurance, reptile theory, prior claims against Defendants' experts. A Motion in limine will be filed as to Plaintiff's attempt to introduce material from the American Medical Association Code of Medical Ethics. The Defendants may file additional motions *in limine* prior to trial if deemed appropriate in response to other Parties' motions *in limine* or if newly identified evidence is discovered.

(7)     Any requested amendments to the pleadings

No amendments to the pleadings are requested at this time.

(8)     Any additional matters to aid in the disposition of the action

Plaintiff intends to request attorney-led voir dire concerning racial bias, bias against criminal-justice involved people, and biases about addicts and addiction.

(9)     The probable length of the trial

The parties anticipate a trial of approximately one to two weeks.

6

(10) <u>The names, addresses and telephone numbers of witnesses to be called (expert and others) and whether the testimony of any such witness is intended to be presented by deposition;</u>

**Plaintiff may call the following witnesses:**

- Plaintiff, Joseph Dyer (live, residing in Boston, Massachusetts);

- Defendant Zachary Crossen (live or by deposition, TBD; contact information known to Defendants);

- Defendant Thuan Lai (live or by deposition, TBD; contact information known to Defendants);

- Defendant Michael Reily (live or by deposition, TBD; contact information known to Defendants);

- Clare Conden, RN at SCH (live or by deposition, TBD; contact information known to Defendants);

- Keepers of Records;

- Reader of admitted exhibits, TBD.

**Defendants Crossen and Lai may call the following witnesses:**

a. Zachary Crossen, c/o Nieve Anjomi or Erika Reis, City of Boston Law Department, 1 City Hall Plaza, Rm 615, Boston, MA
b. Thuan Lai, c/o Nieve Anjomi or Erika Reis, City of Boston Law Department, 1 City Hall Plaza, Rm 615, Boston, MA
c. Mark Assad, c/o Nieve Anjomi or Erika Reis, City of Boston Law Department, 1 City Hall Plaza, Rm 615, Boston, MA
d. Paul Delaney, c/o Nieve Anjomi or Erika Reis, City of Boston Law Department, 1 City Hall Plaza, Rm 615, Boston, MA
e. Wayne Brown, c/o Nieve Anjomi or Erika Reis, City of Boston Law Department, 1 City Hall Plaza, Rm 615, Boston, MA
f. Dr. Michael Riley, c/o Rebecca Dalpe, Foster and Eldridge, 300 TradeCenter Dr, St. 2610, Woburn, MA
g. Josephine Rodman, Winchester, MA
h. Mark Smith, c/o the Massachusetts Attorney General's Office, 1 Ashburton Place, Boston, MA
i. Clare Condon, c/o Rebecca Dalpe, Foster and Eldridge, 300 TradeCenter Dr, St. 2610, Woburn, MA
j. Evaldo Barros, c/o Boston EMS

    k. James Deller, c/o Boston EMS

    l. Keepers of records

**Defendants Reily, SCH, and SMG may call the following witnesses:**

- Plaintiff Joseph Dyer, Boston, Massachusetts;
- Defendant Zachary Crossen, Boston, Massachusetts;
- Defendant Thuan Lai, Boston Massachusetts;
- Defendant Michael Reily, Dorchester, Massachusetts;
- Clare Condon, RN at SCH, Whitman, Massachusetts;
- Keeper of Records, Massachusetts General Hospital;
- Keeper of Records, Steward Carney Hospital;
- Keeper of Records, UMass Memorial Medical Center;
- Keeper of Records, Boston Public Health Commission;
- Keeper of Records, Suffolk House of Corrections;
- Keeper of Records, Boston Medical Center;
- Keeper of Records, Tufts Medical Center;
- Keeper of Records, Brigham & Women's Faulkner Hospital;
- Keeper of Records, Donald W. Wyatt Detention Facility;
- Keeper of Records, Arbour Hospital;
- Keeper of Records, Charlton Memorial Hospital;
- Keeper of Records, Southcoast Hospital;
- Keeper of Records, Lemuel Shattuck Hospital;
- Keeper of Records, Boston Forensic Associates, LLC;

- Carlo Rose, M.D., Westwood, Massachusetts; and

- Anthony J. Rothschild, M.D., Worcester Massachusetts.

Expert disclosures will be provided by the date established according to the pending Pre-Trial Order as advised by Judge Casper during the Parties' March 25, 2021 pre-trial conference.

(11) <u>Proposed exhibits</u>

**Plaintiff proposes the following exhibits**:

- Mr. Dyer's medical records from SCH from the date in question;

- Booking video of Mr. Dyer;

- Excerpts of deposition statements of Defendants Crossen, Lai, and Reily, to the extent they are not called as live witnesses;

- Select written policies and procedures of SCH;

- Massachusetts Patients' Bill of Rights, M.G.C. c111 § 70;

- Select provision(s) from the American Medical Association Code of Medical Ethics (including provision(s) related to informed consent)

- Video of prior conduct by Defendant Crossen toward African-American man in Boston;

- Prior civilian complaint(s) against Defendant Crossen;

- Curriculum vitae of Defendant Reily;

- Excerpts from audio recordings of SAU interviews of Defendants Crossen and Lai;

- Excerpts from SAU investigative report and materials (including Exhibit 11 to Reily deposition, a report of the July 10, 2015 interview of Defendant Reily)

- Select Rule(s), policies or procedures of the Boston Police Department.

Plaintiff reserves the right to rely upon any additional document or record exchanged by the Parties in discovery or any document for impeachment.

**Defendants Crossen and Lai propose the following exhibits:**

1. Dyer's statement to Boston Police;
2. Dyer's statement to Mark Smith;
3. Plaintiff's Journal
4. BPD000119-124
5. BPD000125
6. DEF000001-118
7. DEF000119
8. DEF000121-122
9. Photographs of Plaintiff
10. Plaintiff's CORI
11. Plaintiff's III
12. BHPC00001-4
13. Plaintiff's BOP
14. Plaintiff's medical records
15. Judgment in Criminal Case of US v. Joseph Dyer

Officers Crossen and Lai reserve the right to rely upon any additional document or record exchanged by the Parties in discovery or any document for impeachment.

**Defendants Reily, SCH, and SMG proposes the following exhibits:**

- Medical Records from:
    - Massachusetts General Hospital
    - Steward Carney Hospital
    - UMass Memorial Medical Center
    - Boston Public Health Commission
    - Suffolk House of Corrections
    - Boston Medical Center
    - Tufts Medical Center
    - Brigham & Women's Faulkner Hospital
    - Donald W. Wyatt Detention Facility
    - Arbour Hospital
    - Charlton Memorial Hospital
    - Southcoast Hospital

- Steward Carney Hospital Policies and Procedures;

- Boston Police Report concerning Joseph Dyer from May 13, 2015;

- Criminal Records concerning Joseph Dyer;

- SAU investigative reports concerning Joseph Dyer;

- SAU investigative interviews of Joseph Dyer, Officer Crossen, and Officer Lai;

- Boston Forensic Associates, LLC's Aid in Sentencing Evaluation Report; and

- Board of Registration and Medication materials relating to Complaints filed by Joseph Dyer concerning these allegations.

Defendants Dr. Reily, Steward Carney Hospital, and Steward Medical Group, Inc. reserve the right to rely upon any additional document or record exchanged by the Parties in discovery or any document for impeachment.

(12) The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3).

There are no remaining objections to the evidence identified in the pretrial disclosures, as far as the Parties are aware, at this time.

(13) Scheduling

Plaintiff and Defendants Crossen and Lai propose the following deadlines moving forward:

| Motions in limine | Friday, March 11, 2022 |
| Jury instructions | Friday, March 26, 2022 |
| Voir dire | Monday, April 4, 2022 |
| Trial | Tuesday, April 4, 2022 |

Dr. Reily and the Steward Defendants are not available for trial until 2023. They intend to call expert witnesses and propose an expert disclosure date of February 4, 2022 with any expert depositions completed by March 4, 2022.

Respectfully submitted,

| | |
|---|---|
| JOSEPH DYER<br>by his counsel,<br><br>/s/ Amy Barsky<br>Amy Barsky, B.B.O. #601111<br>William W. Fick, B.B.O. #650562<br>FICK & MARX LLP<br>24 Federal Street, 4th Floor<br>Boston, MA 02110<br>(857) 321-8360 | STEWARD CARNEY HOSPITAL, INC.<br>STEWARD MEDICAL GROUP, INC.<br>MICHAEL REILY, M.D.<br>by their counsel,<br><br>/s/ Rebecca Dalpe<br>Rebecca Dalpe, B.B.O. #653996<br>Shylah N. Maloney, B.B.O. #703663<br>FOSTER & ELDRIDGE, LLP<br>300 Tradecenter Drive, Suite 2610<br>Woburn, MA 01801<br>617-252-3366<br><br>ZACHARY CROSSEN<br>THAUN DUC LAI<br>by their counsel,<br><br>/s/ Nieve Anjomi<br>Erika P. Reis, B.B.O. # 669930<br>Nieve Anjomi, B.B.O. # 651212<br>City of Boston Law Department<br>One City Hall Plaza<br>Boston, MA 02201<br>617-635-4034 |

## Certificate of Service

I hereby certify that on December 10, 2021 this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ William Fick*